UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

SHELLEY DAWN HOLSTINE,

    Plaintiff,

v.                        Civil Action No. 2:20-cv-00359

ANDREW M. SAUL,
Commissioner of Social Security,[1]

    Defendant.

## MEMORANDUM OPINION AND ORDER

Pending are the plaintiff's and the Commissioner's cross-requests for judgment on the pleadings, filed respectively on March 8 and April 6, 2021 (ECF Nos. 11 and 12). This action was previously referred to Cheryl A. Eifert, United States Magistrate Judge, who submitted her Proposed Findings and Recommendation ("PF&R") pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) on July 9, 2021 (ECF No. 13).

In the PF&R, the Magistrate Judge recommends that the court reverse the Commissioner's final decision and remand the

---

[1] The court recognizes there may be some dispute whether Kilolo Kijakazi has succeeded Andrew Saul as the acting Commissioner of Social Security. The court has no occasion to address this dispute. Insofar as Ms. Kijakazi has succeeded Mr. Saul, she is automatically substituted. See Fed. R. Civ. P. 25(d).

1

claim for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g).  See ECF No. 13 at 1-2, 29, 38.  The Magistrate Judge explains in detail how the decision of the administrative law judge ("ALJ") to deny the plaintiff's application for supplemental security income under Title XVI of the Social Security Act contained insufficient assessment of the plaintiff's residual functional capacity ("RFC"), which the ALJ employed in analyzing steps four and five of the disability determination.  See id. at 20-38.  In particular, the ALJ did not properly explain and reconcile conflicting evidence regarding the plaintiff's manipulative impairments, address the plaintiff's claims or evidence regarding back and lower-extremity impairments, or explain the connection between the plaintiff's mental impairments and the ALJ's RFC restrictions.  See id. at 20-35.  Neither plaintiff nor the Commissioner has filed objections to the PF&R, thereby waiving de novo review by this court.  See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

       Accordingly, it is ORDERED that:

1. the PF&R (ECF No. 13) be, and it hereby is, adopted by the court and incorporated herein;

2. the Commissioner's request for judgment on the pleadings (ECF No. 12) be, and it hereby is, denied;

3. the plaintiff's request for judgment on the pleadings (ECF No. 11) be, and it hereby is, granted to the extent it requests a remand to the Commissioner for further proceedings consistent with the PF&R;

4. the final decision of the Commissioner be, and it hereby is, reversed and this claim be, and it hereby is, remanded to the Commissioner for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g) and consistent with the PF&R; and

5. this civil action be, and herby it is, dismissed and removed from court's docket.

The Clerk is directed to transmit copies of this memorandum opinion and order to all counsel of record, any unrepresented parties, and the Magistrate Judge.

ENTER: July 30, 2021

_____
John T. Copenhaver, Jr.
Senior United States District Judge